MILLER, Judge.
Defendant Mr. Obie F. Hoyt appeals de-volutively (the trial court refused to grant a suspensive appeal) from an injunction prohibiting Hoyt from interfering with the plaintiff Town of Bunkie’s agents and employees who were drilling a water well on the Town’s property and using an additional area leased to Hoyt. Bunkie owned an area 75' x 75', and it was established that Bunkie needed (in addition to its own land) temporary use of some adjacent land which was leased to Hoyt. Hoyt also appeals the trial court’s refusal to grant his reconventional demand for an injunction prohibiting Bunkie from committing illegal acts on property leased to Hoyt. We amend and affirm.
The property is located in Rapides parish some seven miles from Bunkie. On July 30, 1962 Bunkie purchased two 75' x 75' tracts designated as “No. 1 Glass” and “No. 2 Glass” according to a plat attached to the cash deed. In the same deed Bunkie acquired the following “Right-of-Way”:
“A servitude or right of way for the purpose of constructing, maintaining, operating, altering, repairing, renewing and removing in whole or in part a pipe line for the transportation of water, together with necessary fixtures, equipment and appurtenances across the land of vendors between said two (2) tracts or parcels of land as well as from ‘No. 1 Glass’ in an easterly direction to property of Abbie Harper. Said right of way or servitude having a width of thirty (30) feet and is also to be used by the Town of Bunkie for the construction of an all-weather road in order to have ingress and egress to said two water well sites. The said right of way or servitude being 30 feet wide and 1,750 feet long and lies south of the line drawn on plat attached hereto between No. 1 and No. 2 Glass over to property of Abbie Harper and is along spoil bank of drainage canal. Said right of way is granted subject to right of way of Rapides Parish Police Jury for drainage canal and is in no way to affect same without consent or approval of said Police Jury.”
Additionally, and in the same deed, Bunkie acquired:
“. . . the right of ingress and egress to the said property for any and all purposes herein granted. It being specifically understood and agreed that said property will be used for the reason, among other, for the construction and maintenance of water wells to be used for municipal purposes for the Town of Bunkie. Any water lines shall be buried through cultivated land and/or pasture land so that same will not interfere with ordinary cultivation. The Town of Bun-kie shall pay for all damages to crops, fences, timber, livestock, etc., which may be caused by said Town in constructing, repairing or removing said water wells and/or water lines, which payment may be made after completion of the work.”
The right-of-way grant to Rapides Parish, referred to in the deed to Bunkie, was granted by landowner on October 1, 1948. Following that grant, a drainage canal was dug in an east-west direction to a depth of about four to six feet with a bottom 4 feet wide and a top some 16 feet wide. The berm was located north of the drain ditch with a spoil bank located north of the *576 berm. The 30' wide by 1,750 feet long right-of-way “is along (the) spoil bank of (the) drainage canal.” Bunkie obligated itself to maintain the roadway at its expense.
On September 29, 1964, defendant Hoyt acquired a ten year lease (renewable for 99 years) from landowner affecting the tract surrounding Bunkie’s Glass 1 & 2 sites. This lease was granted by the parties who sold Glass 1 & 2 and granted servitudes to Bunkie. The lease to Hoyt specifically excluded “ * * * the water rights * * * previously granted by the lessors” and was made subject to the Rapides Parish drainage canal right-of-way.
On September 29, 1971, Hoyt contracted with the Rapides Parish Police Jury to permit him to close the west end of a parish drainage ditch which runs generally east and west across his leased premises. As consideration for that right, Hoyt obligated himself to provide for drainage and divert water toward the north into the main drainage canal. The contract further provided that Hoyt was:
“ * * * permitted and obligated to maintain this drainage ditch and in the event that you fail to do so, then the Parish reserves all of its rights to reopen and to maintain.”
In 1962 or 1963 Bunkie drilled a water well on the site designated Glass No. 2. They did not have funds to drill the water well planned for Glass No. 1. Additional funds became available in 1971 and on June 18, 1971 Bunkie contracted with Layne Louisiana, Inc. to drill a deep water well on the 75' x 75' site designated Glass No. 1. Drilling commenced early in July.
Hoyt let it be known that he opposed the construction and drilling of this water well. Nevertheless he agreed with Bunkie to allow use of “a limited portion (of his leased land) for a limited time”. Bunkie was to furnish and install a one inch water line from the pump to a site selected by Hoyt some 200 feet from the pump and to furnish “all the water (Hoyt) needed for farm use to be free of any charges as long as the wells operated.” When the well was not completed by October 1, 1971, Hoyt demanded that after October 6, 1971, Bunkie confine its operations to Bunkie’s property. The contractor immediately confined his operations to Bunkie’s property and October 6, 1971 terminated drilling operations. This suit was filed on October 28, 1971.
At trial, Hoyt showed that the water well contractor drove substantial distances off Glass 1 & 2 sites and the 30' wide right-of-way. We find this of no consequence because this was permitted by agreement between Hoyt and Bunkie.
Additionally, Hoyt showed that the well contractor pumped sand and water out of the well and that the sand obstructed the drainage canal by depositing sand to a depth of 18 inches for a distance of some 90 feet. He also showed that the water pumped from the well or used to drill the well was deposited in the drain ditch and that because of the obstruction of drainage, Hoyt suffered because he was unable to get rid of this water. Hoyt further showed that the contractor used chemicals including caustic soda to help drill and complete the well, and that some of the chemicals were stored on Bunkie’s unfenced property. Hoyt showed that water and debris spilled or was blown off the drill site and onto his leased property. Hoyt showed that the heavy trucks used to deliver and move equipment on the drill site could not turn around without getting outside Bunkie’s property.
Appellant Hoyt submits that the issue is: Does the owner of a servitude of passage and property have the right to go beyond the servitude and his boundaries, and use his neighbor’s property? We do not agree. The issue is: Does the July 30, 1962 deed and servitude grants, authorize Bunkie to use the premises leased to Hoyt in the manner permitted by the trial court *577 judgment? We find that (except for one item hereinafter discussed) it does.
Bunkie established that an emergency existed for the need of a water well on the Glass No. 1 site; that the 75' x75' site together with the 30' x 1750' right-of-way was insufficient for proper drilling operations. An additional 25 feet in all directions from the drilling site was necessary for the delivery and removal of heavy equipment needed for drilling and completion purposes. It was also established that the drainage canal was a prime factor in locating the water wells and was needed to dispose of sand and water from the well. The chemicals used to drill and complete the well were harmless after having been circulated in the well.
Hoyt’s lease is subject to Bunkie’s ownership of Glass No. 1 & 2, and of the 30' x 1750' servitude, and of the servitude of ingress and egress (over property later leased to Hoyt) “for any and all purposes * * * (related to) the construction and maintenance of water wells to be used for municipal purposes for the Town of Bun-kie.” Bunkie’s recorded contract expressly provides that “ * * * Bunkie shall pay for all damages to crops, fences, timber, livestock, etc. which may be caused by said Town in construction, repairing or removing said water wells and/or water lines, which payment may be made after completion of the work.” As noted by the trial court, Hoyt’s remedy under Bunkie’s preexisting contract, is to seek the damages contemplated under this portion of Bun-kie’s contract.
Hoyt’s written demand, forbidding Bunkie and its contractor the use of their rights, is sufficient to permit injunctive relief. The rights acquired by Bunkie’s 1962 contract support the trial court injunction prohibiting Hoyt and his agents, employees, etc., from interfering with Bun-kie’s use of its property, servitudes and/or:
“(a) getting off the above described property and designated right-of-way with personnel and equipment where essential for the furtherance of and within the intendment of plaintiff’s servitude, and on property leased by defendant, Obie F. Hoyt, immediately adjacent and/or contiguous to plaintiff’s said above described property and designated right-of-way,
“(b) pumping and discharging water to clean water well from well site in to Rapides Parish drainage ditch which is adjacent and/or contiguous to and parallels plaintiff’s said designated right-of-way for construction of all-weather road, etc.,
“(c) doing such other necessary and essential acts and things in connection with and/or related to the construction of said water well and/or using plaintiff’s said above described property and servitude for the purpose for which it was intended, namely, for the construction and maintenance of water wells to be used for municipal purposes for the Town of Bunkie.”
We set aside section “(d)” of the trial court judgment which prohibited Hoyt from harassing and/or threatening Bunkie or the contractor while construction of the water well is underway. The trial court properly noted that there was not a strong showing that Hoyt threatened anyone with bodily harm. In the absence of such proof, Hoyt is entitled to be relieved from this portion of the injunction.
The cases cited by defendant appellant are not in point for the reason that the rights recognized by the trial court judgment were acquired and recorded by Bun-kie prior to Hoyt’s acquisition of his lease.
Having found that Bunkie’s injunction was properly granted, Hoyt’s reconventional demand was properly denied.
The trial court’s judgment is amended to delete section “(d)” from the judgment. Otherwise the judgment is affirmed. Costs of this appeal are assessed to defendant appellant.
Amended and affirmed.